**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| ROGER MARTIN ALDANA CENTENO | |
| Petitioner, | 3:26-cv-00284-ACP |
| v. | **ORDER DENYING** |
| | **TEMPORARY RESTRAINING** |
| ZANE NIGHSWONGER, Director of Anchorage Correctional Complex, Department of Corrections; CORI MILLS, Acting Attorney General of Alaska; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States | **ORDER** [Dkt. 6] |
| Respondents. | |

On July 31, 2026, Roger Martin Aldana Centeno was allegedly detained by the United States Department of Homeland Security, Immigration and Customs Enforcement agency. He filed a petition for writ of habeas corpus on August 2, 2026. (Dkt. 1) And on August 6, 2026, he filed an ex parte motion for a temporary restraining order. (Dkt. 6) The TRO motion is **DENIED** because it does not comply with mandatory requirements imposed by the Federal Rules of Civil Procedure.

Federal Rule 65 sets out the requirements for a TRO application. A TRO may be issued without notice to the opposing party "only if" two conditions are met. First, the petitioner must provide "specific facts in an affidavit or a verified complaint clearly

show[ing] that immediate and irreparable injury will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, the petitioner's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* at § (b)(1)(B). These requirements are mandatory. *See Bus. Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 543 (1991) ("A TRO application is thus one of the situations . . . where a party's verification or signed affidavit is mandatory."); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drives Local No. 70*, 415 U.S. 1113, 438-39 (1974) (detailing "stringent restrictions" imposed by Rule 65(b)); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006) (criticizing a "thin and barebones" TRO application that, unlike here, included a declaration).

Centeno's TRO application does not meet these mandatory requirements. First, the application does not include any affidavit or verified complaint—it does not cite *anything* that could possibly be considered evidence.[1] *See* Fed. R. Civ. P. 25(b)(1)(A). Second, the application does not adequately detail the efforts made to provide notice to the Defendants. Failure to meet these mandatory requirements means that the TRO application must be denied. *See id.* at § (b)(1)(B). Indeed, these limits on ex parte orders reflect a core democratic value: "[O]ur entire jurisprudence runs counter to the notion of court action

---

[1] This is especially concerning given aspects of the TRO application. For example, it is repeatedly dated August 2, 2026. (Dkt. 6 at 3, 30) But the application was not filed until August 6, 2026 (Dkt. 6, Footer). Similarly, the application cites the "Sinodis Decl. at Ex. D.," but no such declaration has been filed. (Dkt. 6 at 16) Discrepancies like this only highlight the need to put evidence in the record.

taken before reasonable notice and an opportunity to be heard." *Granny Goose*, 415 U.S. at 438-39. The request for an ex parte TRO is therefore **DENIED**.

Additionally, the TRO application alleges that Centeno has been transferred out of the District of Alaska to the Northwest ICE Processing Center in Tacoma, Washington. (Dkt. 6 at 12) Any further filings in this case should explain why jurisdiction is proper in Alaska considering the Supreme Court's holding that for "core habeas petitions," "jurisdiction lies in only one district: the district of confinement." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (*quoting Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (explaining that "detainees [were] confined in Texas, so venue [was] improper in the District of Columbia" when discussing likelihood of success on the merits).

IT IS SO ORDERED.

DATED August 7, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge